IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ANTHONY DEMETRIUS GARLAND,

    Plaintiff,

vs.                                    Case No. 4:15cv280-MW/CAS

JULIE L. JONES,

    Defendant.

_____/


## REPORT AND RECOMMENDATION

Plaintiff Anthony Demetrius Garland, proceeding pro se, filed a civil rights complaint, doc. 4, against Julie L. Jones, the Secretary of the Florida Department of Corrections. Secretary Jones filed a motion to dismiss or, in the alternative, a motion for summary judgment. ECF No. 19. Because the motion cites to various exhibits, it was construed as a motion for summary judgment and Mr. Garland was advised of his obligation to respond to the motion. ECF No. 22. Noting that a response in opposition to the motion, ECF No. 20, had already been filed, Mr. Garland was provided an opportunity to either submit an "amended" response to the motion for

summary judgment, or he was directed to file a notice indicating his desire to stand on the response already filed. ECF No. 22. Nothing further was filed by Mr. Garland.

## I.  Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Thus, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2553. The non-moving party must

then show[1] though affidavits or other Rule 56 evidence "that there is a genuine issue for trial" or "an absence of evidence to support the nonmoving party's case."  *Id.* at 325, 106 S. Ct. at 2554; Beard v. Banks, 548 U.S. 521, 529, 126 S. Ct. 2572, 2578, 165 L. Ed. 2d 697 (2006).

An issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted).  The "issue of fact must be 'genuine'" and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (other citations omitted).  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case."  McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003) (quoting Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000)).

---

[1] "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998) (quoting Celotex, 477 U.S. at 324, 106 S. Ct. at 2553) (quoting Fed. R. Civ. P. 56(c), (e))).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  Owen, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

## II.     Preliminary Statement and Allegations of the Complaint

Mr. Garland filed this case after his release from the Florida Department of Corrections.  ECF Nos. 4, 19.  The complaint names only one Defendant, Secretary Jones, alleging that the Secretary did not "follow the law" and failed to credit him with 464 days of time served and earned gain time.  ECF No. 4 at 2.  Mr. Garland contends he was held beyond the end of his sentence, claiming he was released on February 22, 2015, but his "sentence had actually expired on July 17, 2014."  *Id.*  He also contends he had earned gain time to reduce his 85% release date to April 26, 2014.  *Id.*  Finally, he claims he has been improperly placed on "conditional release with the possibility [of] being put back in prison . . . ."  *Id.* at 2.  As relief, Mr. Garland seeks compensatory damages.  *Id.* at 3.

## III.    The sentence calculation

Mr. Garland was convicted of battery on a law enforcement officer, an offense committed in October 2005, and he was sentenced to 10 years imprisonment with credit for 464 days in county jail.  ECF No. 19, Ex. G (ECF No. 19-7 at 12-17).  Pursuant to § 944.275(4)(b)(3), Mr. Garland "was required to serve a minimum of 85% of the sentence imposed."  ECF No. 19 at 3.  In other words, Mr. Garland could not be released before serving 85% of his 10-year sentence, "regardless of the amount of gain- time

earned." *Id.* at 4.  Mr. Garland earned 420 days of incentive gain time while in prison, but he "also forfeited 148 days" of gain time due to disciplinary action. *Id.* at 4.  Mr. Garland has not disputed that gain time, acknowledging those amounts.  *See* ECF No. 20 at 7.  The following calculation was used to determine Mr. Garland's release date:

| | |
|---|---|
| Date of Sentence: | March 2, 2007 |
| 10 years in days: | +3,650. |
| Less jail credit: | - 464. |
| Maximum release date: | November 21, 2015 |
| | |
| Gain time earned: | - 420. |
| Gain time forfeited: | + 148. |
| Tentative release date: | February 22, 2015 |

ECF No. 19 at 4.  The Court agrees with Secretary Jones' argument that this sentence calculation "is straightforward" and shows no error.  *Id.* at 15.  Mr. Garland's calculation is incorrect and his claim is insufficient.

If all that was used to calculate Mr. Garland's sentence was his earned gain time and credit for jail time prior to prison, Mr. Garland's sentence would have expired in 2,766 days,[2] or on September 27, 2014.

---

[2] The 2,766 days is calculated by subtracting 464 days jail credit, and 420 days gain time from 3,650 days (the 10-year sentence).  That date is still later than the two dates alleged by Mr. Garland in the complaint.  ECF No. 4.  Mr. Garland claimed his sentenced "actually expired on July 17, 2014," and that he earned gain time entitling him to release on April 26, 2014.  ECF No. 4 at 2.  Those days are not correct.  Nor is Mr. Garland's calculation in his response to summary judgment that his sentence should have expired in August of 2014.  Mr. Garland does not provide any explanation as to how he arrived at the three different dates asserted for his release.

Case No. 4:15cv280-MW/CAS

But that is not all. Mr. Garland forfeited 148 days of gain time, meaning he could receive credit for only 272 days of gain time, not 420. Thus, counting 464 days of jail credit with 272 days of gain time means Mr. Garland was entitled to be released after serving 2,914 days of incarceration. He should have been released on February 22, 2015, and was released that day. ECF No. 4 at 2. Mr. Garland has not shown he was held beyond his lawful sentence and his claim should be dismissed on the merits.

## IV.   Secretary Jones

Secretary Jones also argues that Mr. Garland's complaint improperly seeks to hold the Secretary liable for the actions of other Department of Corrections' staff. ECF No. 19 at 14-15. The Secretary is correct again. Mr. Garland's allegation in the complaint was conclusory, and he provided no evidence in responding to the summary judgment motion that the Secretary had any involvement in calculating his sentence or determining his release date. Rather, Mr. Garland argues that "the Secretary is supervisor of the Department of Correction [sic] who has the power to issue orders and commands to each official working for D.O.C." ECF No. 20 at 12. Mr. Garland contends that the "Secretary is also held liable for every D.O.C. officials [sic." *Id.* That is not correct.

The law is well established that a prison official cannot be named as a Defendant in a civil rights case merely because he or she has supervisory authority over others.  Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010). The doctrine of respondeat superior or vicarious liability does not provide a basis for recovery under § l983.  Monell v. Dep't of Soc. Srvcs, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Collins v. City of Harker Heights, 503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992); Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986).  Because Secretary Jones cannot be held liable for the actions or omissions of others, the motion for summary judgment should be granted.

## IV.   Recommendation

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion for summary judgment, ECF No. 19, be **GRANTED**, and judgment

entered in favor of Defendant Julie Jones, Secretary of the Florida Department of Corrections.

**IN CHAMBERS** at Tallahassee, Florida, on June 6, 2016.

      s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**